IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| iGLOBAL EXPORTS, LLC, a Utah limited liability company doing business as ZONOS,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN SHOEMAKER, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR EXPEDITED BRIEFING**<br><br>Case No. 4:22-cv-00044-TC-PK<br><br>Judge Tena Campbell<br>Magistrate Judge Paul Kohler |

Plaintiff seeks expedited briefing and a joint hearing ("Motion for Expedited Briefing")[1] on its Motion for Preliminary Injunction[2] and Defendant's Motion to Compel Arbitration, Dismiss Plaintiff's Complaint, and Stay Briefing on Plaintiff's Motion for Preliminary Injunction ("Motion to Compel").[3]  The Motion for Expedited Briefing is DENIED IN PART AND GRANTED IN PART for the following reasons.

The court previously ordered that briefing and ruling on Defendant's Motion to Compel would occur prior to briefing on Plaintiff's Motion for Preliminary Injunction.[4]  This is because the Motion to Compel raises fundamental questions about whether Plaintiff's claim in this case, including determining whether an injunction should issue, must be resolved by an arbitrator.[5] Neither Plaintiff's response to the Motion to Compel[6] nor its Motion for Expedited Briefing

---

[1] ECF No. 20, filed Aug. 1, 2022.

[2] ECF No. 5, filed July 18, 2022.

[3]  ECF No. 13, filed July 28, 2022.

[4] Docket Text Order, docket no. 15, filed July 28, 2022.

[5] Motion to Compel at 4-6.

[6] Opposition to Defendant's [13] Motion re: Arbitration, ECF No. 19, filed Aug. 1, 2022.

changes the fact that these questions must be resolved before the Motion for Preliminary Injunction may be heard. Plaintiff cites to AAA rules and nonbinding case law for the proposition that an injunction may be sought in court despite the parties' agreement to mandatory and binding arbitration.[7] But this authority must still be reconciled with the specific language of the parties' arbitration clause,[8] as well as AAA rules and binding case law, which dictate that issues of arbitrability are for the arbitrator, not the court.[9] Therefore, expedited briefing and a hearing on Plaintiff's Motion for Preliminary Injunction are not appropriate at this time.

Nevertheless, Plaintiff's arguments present sufficient good cause to expedite briefing on Defendant's Motion to Compel to avoid delays that could lead to the irreparable injuries Plaintiff alleges. Therefore, Defendant's reply in support of his Motion to Compel must be filed by no later than noon on Wednesday, August 10, 2022.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Expedited Briefing[10] is DENIED IN PART AND GRANTED IN PART. Defendant must file a reply in support of his Motion to Compel by no later than noon on Wednesday, August 10, 2022.

DATED this 3d day of August, 2022.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge

---

[7] Id. at 3–4.

[8] 900 Zonos Employment Agreement – Generic § 11 at 5-6, ECF No. 13-1, filed July 28, 2022.

[9] AAA Rules R-7(a); Dish Network, LLC v. Ray, 900 F.3d 1240, 1246 (10th Cir. 2018).

[10] ECF No. 20, filed Aug. 1, 2022.