THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| iGLOBAL EXPORTS, LLC, a Utah limited liability company doing business as ZONOS, <br><br>Plaintiff, <br><br>v. <br><br>KEVIN SHOEMAKER, an individual, <br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION, DISMISS PLAINTIFF'S COMPLAINT, AND STAY BRIEFING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br>Case No. 4:22-cv-00044-TC-PK <br><br>Senior District Judge Tena Campbell <br>Magistrate Judge Paul Kohler |

Plaintiff iGlobal Exports, LLC ("iGlobal") initiated this case against Defendant Kevin Shoemaker ("Shoemaker") alleging a claim for breach of contract arising from noncompetition and nonsolicitation clauses in Shoemaker's employment contract with iGlobal.[1] iGlobal also filed a Motion for Preliminary Injunction[2] seeking to enjoin Shoemaker from violating these clauses during the pendency of the case. Shoemaker responded by filing a Motion to Compel Arbitration, Dismiss Plaintiff's Complaint, and Stay Briefing on Plaintiff's Motion for Preliminary Injunction ("Motion to Compel Arbitration").[3]

Because the parties' employment contract contains a mandatory arbitration clause which covers iGlobal's breach of contract claim, including iGlobal's request for equitable injunctive relief and Shoemaker's request for attorneys' fees, arbitration must be compelled. However,

---

[1] Complaint ¶¶ 25-33 at 4-5, docket no. 2, filed July 14, 2022.

[2] Docket no. 5, filed July 18, 2022.

[3] Docket no. 13, filed July 28, 2022.

because the arbitrator will decide issues of arbitrability, the arbitrator could decide that some portion of iGlobal's claim may be resolved outside of the arbitration by the District Court. Dismissal of iGlobal's Complaint is not appropriate at this time. And briefing on iGlobal's Motion for Preliminary Injunction must be stayed until a time, if any, that the arbitrator decides that the Motion for Preliminary Injunction may be resolved by the District Court. Therefore, Shoemaker's Motion to Compel Arbitration[4] is GRANTED in part and DENIED in part.

## DISCUSSION

Shoemaker's Motion to Compel Arbitration raises fundamental questions regarding whether iGlobal's breach of contract claim, including determination of whether a preliminary injunction should issue and entitlement to attorneys' fee, must be resolved by an arbitrator.[5] iGlobal concedes that its breach of contract claim is subject to mandatory and binding arbitration under the parties' employment contract.[6] Indeed, after Shoemaker filed his Motion to Compel Arbitration, iGlobal initiated an arbitration proceeding with the American Arbitration Association ("AAA") as required by the employment contract.[7] iGlobal nevertheless argues that the District Court may still render a determination on its Motion for Preliminary Injunction.[8] Additionally, Shoemaker argues that he may be awarded attorneys' fees in this case.[9]

---

[4] Docket no. 13, filed July 28, 2022.

[5] Motion to Compel Arbitration at 4-6.

[6] Opposition to Defendant's Motion re: Arbitration ("Response") at 2, docket no. 19, filed Aug. 1, 2022; Demand for Arbitration, docket no. 19-1, filed Aug. 1, 2022.

[7] Response at 2; 900 Zonos Employment Agreement – Generic ("Employment Contract") ¶¶ 11.a.-b. at 5, docket no. 13-1, filed July 28, 2022.

[8] Response at 2-5.

[9] Motion to Compel Arbitration at 6.

2

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [the party] has not agreed so to submit."[10] "[A] party who has not agreed to arbitrate will normally have a right to a court's decision about the merits of its dispute[.]"[11] "But, where the party has agreed to arbitrate, [that party], in effect, has relinquished much of that right's practical value."[12]

"[W]ho—court or arbitrator—has the primary authority to decide whether a party has agreed to arbitrate can make a critical difference to a party resisting arbitration."[13] This is because when a party "ask[s] a court to review the arbitrator's decision . . . the court will set that decision aside only in very unusual circumstances."[14]

In answering "the 'who' question (*i.e.*, the standard-of-review question)[,]" the Supreme Court held that "[j]ust as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter."[15] "[W]hen parties agree that an arbitrator should decide arbitrability, they delegate to an arbitrator all threshold questions concerning arbitrability—including 'whether their agreement covers a particular controversy.'"[16]

"When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the

---

[10] *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal quotations omitted).

[11] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995).

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] *Id*. (internal citations omitted, emphasis in original).

[16] *Belnap v. Lasis Healthcare*, 844 F.3d 1272, 1280 (10th Cir. 2017) (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)).

3

formation of contracts."[17] However, the Supreme Court has "added an important qualification, applicable when courts decide whether a party has agreed that arbitrators should decide arbitrability: Courts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so."[18]

Tenth Circuit precedent dictates that a "clear and unmistakable intent to arbitrate arbitrability . . . may be inferred from the parties' incorporation in their agreement of rules that make arbitrability subject to arbitration[.]"[19] Here, the parties' employment contract plainly requires arbitration of "any and all controversies, claims, or disputes . . . arising out of, relating to, or resulting from . . . any breach of th[e] agreement[.]"[20] And such arbitration is to be "administered by the American Arbitration Association ("AAA") in accordance with its rules then in effect for the resolution of commercial disputes."[21]

Under the AAA's commercial rules, arbitrators "shall have the power to rule on [their] own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim."[22] The Tenth Circuit Court of Appeals has held that "when contracting parties incorporate the AAA rules into a broad arbitration agreement, as was the case here, such an incorporation clearly and unmistakably evinces their intent to arbitrate arbitrability."[23]

---

[17] *First Options of Chicago, Inc.*, 514 U.S. at 944.

[18] *Id.* (internal quotations and punctuation omitted).

[19] *Belnap*, 844 F.3d at 1290.

[20] Employment Contract ¶ 11.a. at 5 (emphasis omitted).

[21] *Id*. (emphasis omitted).

[22] AAA Commercial Rule 7(a).

[23] *Dish Network, LLC v. Ray*, 900 F.3d 1240, 1246 (10th Cir. 2018).

Because the parties' employment contract[24] clearly and unmistakably evinces the parties' intent to arbitrate issues of arbitrability, the arbitrability of iGlobal's breach of contract claim must be decided by an arbitrator. This includes resolution of preliminary issues relating to the breach of contract claim such as the arbitrability of iGlobal's Motion for Preliminary Injunction.

This conclusion is supported by the plain language of the parties' employment contract, which provides that "the arbitrator shall have the power to decide any motions brought by any party to the arbitration . . . prior to any arbitration hearing [and] the arbitrator shall have the power to award any remedies, including attorneys' fees and costs, available under applicable law."[25] "Except as provided by the rules and this agreement, arbitration shall be the sole, exclusive and final remedy for any dispute . . . neither [party] will be permitted to pursue court action regarding the claims that are subject to arbitration."[26] The conclusion is also supported by AAA Commercial Rule 37(a), which provides that "[t]he arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief[.]"[27]

AAA Commercial Rule 37(c) provides that "[a] request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate."[28] But incompatibility or waiver is not the issue in this case. Rather, the issue is the arbitrability of iGlobal's Motion for Preliminary Injunction. AAA Commercial Rule 37(c) does not purport to supersede AAA Commercial Rule 7(a) or the parties' clearly and unmistakably intent to arbitrate issues of arbitrability. Where, as here, the

---

[24] Employment Contract ¶ 11.a. at 5.

[25] *Id*. ¶ 11.b. at 5 (emphasis omitted).

[26] *Id*. ¶ 11.c. at 6 (emphasis omitted).

[27] AAA Commercial Rule 37(a).

[28] *Id*. at Rule 37(c).

parties dispute whether an interim measure must be arbitrated, the arbitrability determination must be made in the first instance by the arbitrator.[29]

To avoid this result, iGlobal cites to case law for the proposition that an injunction may be sought in the District Court despite the parties' agreement to mandatory and binding arbitration.[30] The Tenth Circuit Court of Appeal has held that a District Court has authority to enter a temporary injunctive relief to preserve the status quo where "the forum for such relief is . . . left open by the terms of the [parties'] contract."[31] This case law is distinguishable because here, the parties' employment contract expressly prohibits them from "pursu[ing] court action regarding the claims that are subject to arbitration."[32]

But beyond this, the Tenth Circuit Court of Appeals has recognized that "an injunctive remedy that would deprive an arbitration panel of the full span of its broad authority over the parties and over all arbitrable issues would be contrary to the purpose and limitations of the [Federal] Arbitration Act and transcend the [District C]ourt's power to preserve the prearbitration status quo."[33] By proceeding to a determination on iGlobal's Motion for Preliminary Injunction, the arbitrator would be deprived of the arbitrability determination that the parties clearly and unmistakably agreed to in the employment contract.

There is no dispute that iGlobal's breach of contract claim is subject to mandatory and binding arbitration under the parties' employment contract.[34] Therefore, iGlobal's claim must be arbitrated in accordance with the parties' agreement. Because the parties clearly and

---

[29] *Id*. at Rule 7(a).

[30] Response at 3-4; Plaintiff's Sure Reply at 2-4, docket no. 35, filed Aug. 17, 2022.

[31] *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton*, 844 F.2d 726, 727-728 (10th Cir. 1988).

[32] Employment Contract ¶ 11.c. at 6 (emphasis omitted).

[33] *Dutton*, 844 F.2d at 728.

[34] Response at 2.

unmistakably evinced their intent to arbitrate issues of arbitrability,[35] the arbitrability of iGlobal's claim, including the arbitrability of iGlobal's Motion for Preliminary Injunction, must be decided by the arbitrator. And because the parties' agreed that arbitration is the sole, exclusive and final remedy for any dispute,[36] and that the arbitrator has the power to award any remedies, including attorneys' fees and costs,[37] any entitlement to attorneys' fees must also be decided by the arbitrator.

Finally, because the arbitrator will be deciding issues of arbitrability, the arbitrator could decide that some portion of iGlobal's breach of contract claim may be decided by the District Court. Therefore, dismissal of iGlobal's Complaint is not appropriate at this time. And briefing on iGlobal's Motion for Preliminary Injunction is stayed until a time, if any, that the arbitrator decides the Motion for Preliminary Injunction may be resolved by the District Court. Therefore, Shoemaker's Motion to Compel Arbitration[38] is GRANTED in part and DENIED in part.

## ORDER

IT IS HEREBY ORDERED that Shoemaker's Motion to Compel Arbitration[39] is GRANTED in part and DENIED in part as follows:

- Arbitration of iGlobal's breach of contract claim, including iGlobal's request for equitable injunctive relief and Shoemaker's request for attorneys' fees, is compelled;

- iGlobal's Complaint is not dismissed at this time; and

---

[35] Employment Contract ¶ 11.a.-b. at 5; AAA Commercial Rule 7(a); *Ray*, 900 F.3d at 1246.

[36] Employment Contract ¶ 11.c. at 6.

[37] *Id*. ¶ 11.b. at 5.

[38] Docket no. 13, filed July 28, 2022.

[39] Docket no. 13, filed July 28, 2022.

- briefing on iGlobal's Motion for Preliminary Injunction is stayed until a time, if any, that the arbitrator decides the Motion for Preliminary Injunction may be resolved by the District Court.

IT IS FURTHER ORDERED that this case is STAYED pending resolution of the parties' arbitration proceeding, or until the arbitrator decides that any portion of iGlobal's breach of contract claim may be decided by the District Court. The parties are directed to jointly file a notice of the arbitrator's decision resolving the arbitration proceeding or determining that a portion of iGlobal's claim may be decided by the District Court within seven (7) of such decision.

Signed September 15, 2022.

BY THE COURT

_Tena Campbell_
Tena Campbell
Senior United States District Judge